IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00721-CMA-KMT

JULIO BERNAL,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Partial Summary Judgment, wherein State Farm moves for summary judgment on Plaintiff's unreasonable delay or denial of insurance benefits claim pursuant to Colo. Rev. Stat. §§ 10-3-1115 and -1116. (Doc. # 27.) Plaintiff opposes the Motion. For the following reasons, the Court grants the Motion and enters summary judgment in favor of State Farm on Plaintiff's unreasonable delay or denial of benefits claim.

## I.    BACKGROUND

Plaintiff, Julio Bernal, was involved in a motor vehicle accident on December 13, 2017, in Pueblo, Colorado, in which his vehicle was rear-ended by another driver's vehicle ("the Accident"). At the time of the Accident, Plaintiff was insured by State Farm

under auto insurance policies providing up to $100,000 in underinsured motorist ("UIM") benefits (together, "the Policies").

State Farm provided Plaintiff consent to settle the underlying claim against the at-fault driver on November 19, 2018. Also on that date, State Farm requested items from Plaintiff that it required for the handling of a UIM claim. Plaintiff settled his claim against the at-fault driver for that driver's liability insurance policy limits of $50,000.

Plaintiff submitted a claim for UIM benefits to State Farm under the Policies. On December 27, 2018, following Plaintiff's settlement with the at-fault driver, Plaintiff submitted a demand letter to State Farm. Therein, he asserted the Accident caused the following injuries: soft-tissue injury to his neck and back, an incarcerated umbilical hernia, trauma to his left testicle and psoas, and retractile testicle from a seat belt injury. (Doc. # 27-1 at 3–11.) The demand letter indicated that Plaintiff's medical bills totaled $20,145.97.

Plaintiff's counsel subsequently requested that State Farm delay its evaluation of Plaintiff's claim until Plaintiff submitted an updated demand. State Farm memorialized this request in a letter dated January 25, 2019, which stated: "Per your request we will not make an offer on the demand dated December 27, 2018 and will instead wait for an updated demand." (*Id.* at 12.)

Plaintiff sent an updated demand to State Farm on February 18, 2019, which noted that Plaintiff had undergone umbilical hernia repair surgery to repair his left groin area on January 31, 2019. Plaintiff reported additional medical expenses which, combined with amounts claimed in previous correspondence, yielded a total of $23,468.97 in medical bills. He requested payment of $100,000 to compensate him for

his injuries and damages. (*Id.* at 13–15.) On February 27, 2019, Plaintiff submitted additional medical bills to State Farm. (*Id.* at 16.) Ultimately, Plaintiff's counsel had reported a total of $28,901.41 in medical bills.

Plaintiff submitted various medical records in conjunction with his demand. Timothy Hall, M.D., noted that Plaintiff's groin pain and umbilical hernia were consistent with seatbelt injury and were related to the Accident. (Doc. # 28-19 at 2.) However, Dr. Hall stated he could do nothing about Plaintiff's umbilical hernia or "testicle situation" and that Plaintiff needed a urology consultation. (*Id.*) Urologist Eric Derksen, M.D., reported that there was "absolutely no evidence in [his] examination [of Plaintiff] of an inguinal hernia" and stated that neither he nor his partner Dr. Cohn could "think of a mechanism of action that would cause [Plaintiff's] testicle to become retractile after a car accident." (Doc. # 27-1 at 18–19.) William G. Lechuga Jr., M.D., reported that, on exam, "there [was] again no obvious hernia. CT scan does not demonstrate a hernia." (*Id.* at 21.)

On March 8, 2019, State Farm responded to Plaintiff's demand letters; it stated there was a question concerning how Plaintiff sustained some of the injuries claimed, requested unredacted medical records, and requested that Plaintiff provide medical authorizations and a list of medical providers for the three years preceding the Accident. (*Id.* at 22–23.) Counsel responded on March 19, 2019, by providing unredacted medical records, stating that Plaintiff had no prior surgical history and could not recall seeing any medical providers in the three years before the Accident, and providing release authorizations. Counsel also indicated that he did "not understand the timing of this

correspondence," apparently because it took State Farm two months to request unredacted documents. (*Id.* at 24–26.)

On July 15, 2019, State Farm sent a letter to Plaintiff's counsel, reporting that it had requested information from Plaintiff's medical providers on April 21, 2019, and July 1, 2019. State Farm again reiterated that causation of Plaintiff's claimed injuries was questionable based on the medical records before it. (*Id.* at 29–30.) On December 5, 2019, State Farm noted in its claim file that it had received medical bills totaling $19,000 for Plaintiff's treatment, as opposed to the $28,901.41 claimed by Plaintiff's counsel. (*Id.* at 31.)

On January 9, 2020, State Farm sent a letter to Plaintiff's counsel, which stated as follows:

> We have continued to attempt to gather additional records for Mr. Bernal with very little success. However, when records were requested from North Springs Surgical we were advised there were no auto accident related records to provide as Mr. Bernal hernia surgery was not related to an auto accident. Colorado Springs Urological also advised the injury was not related. We are considering treatment totaling $10,935.39 in bills. As it appears the at fault party had $50,000 in BI coverage it does not appear [State Farm] can make an offer under Mr. Bernal's UIM coverage.
>
> We remain open to any information you would like to provide.

(*Id.* at 32.)

On February 12, 2020, Plaintiff initiated the instant action against State Farm in Pueblo County District Court. In his Complaint and Jury Demand, Plaintiff asserts two claims for relief against Defendant: (1) breach of insurance contract; and (2) unreasonable delay or denial of insurance benefits pursuant to Colo. Rev. Stat. §§ 10-3-1115 and -1116. *See generally* (Doc. # 4). Defendant removed the case to this Court on

March 16, 2020, and filed the instant Motion for Partial Summary Judgment on January 22, 2021. (Doc. ## 1, 27.) Plaintiff filed a Response (Doc. # 28), and Defendant filed a Reply (Doc. # 35).

## II.     LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

5

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III. DISCUSSION

State Farm moves for summary judgment on Plaintiff's statutory claim for unreasonable delay or denial of insurance benefits on the grounds that Plaintiff cannot prove that it delayed or denied payment of benefits without a reasonable basis. The Court concludes herein that State Farm reasonably determined, based on the available information, that Plaintiff had not established a UIM claim. Therefore, State Farm is entitled to summary judgment on Plaintiff's statutory claim for unreasonable delay or denial of insurance benefits.

**A. APPLICABLE LAW**

In order to prevail on Colorado's statutory claim for unreasonable delay or denial of benefits, a plaintiff must establish that (1) the defendant denied or delayed payment of benefits to the plaintiff, and (2) the defendant's denial or delay of payment was without a reasonable basis. *Stemple v. State Farm Mut. Auto. Ins. Co.*, No. 17-cv-

02381-CMA-STV, 2019 WL 2866587, *3 (D. Colo. July 3, 2019); Colo. Rev. Stat. § 10-3-1115(1)(a). The insured "need not show that the insurer acted knowingly or recklessly" to prevail under Colorado's statutory bad-faith claim. *Jas Hosp., LLC v. Auto-Owners Ins. Co.*, No. 15-cv-00967-LTB-MJW, 2016 WL 9734746, *2 (D. Colo. July 12, 2016) (citing Colo. Rev. Stat. § 10-3-1115(2); *Vaccaro v. Am. Family Ins. Grp.*, 2012 COA 9M, ¶ 21).

"What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury." *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011). "However, in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Id.* (citing *Bankr. Estate of Morris v. COPIC Ins. Co.*, 193 P.3d 519, 524 (Colo. App. 2008) ). A finding that a claim was "fairly debatable" is not sufficient, without more, to establish that the insurer's actions were reasonable as a matter of law. *Williams v. Owners Inc. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015) (citing *Vaccaro*, ¶ 22); *Schuessler v. Wolter*, 310 P.3d 151, 162 (Colo. App. 2012) ("[T]he defense of fair debatability is not a threshold inquiry that is outcome determinative as a matter of law; it is not necessarily sufficient, standing alone, to defeat a bad faith claim.").

**B.     ANALYSIS**

In the instant Motion, State Farm asserts that it is entitled to summary judgment because Plaintiff cannot prove that it acted without a reasonable basis. Specifically, State Farm points to Plaintiff's medical records, which cast doubt on the connection between the Accident and Plaintiff's claimed groin injuries, and to Plaintiff's claimed medical bills, which do not exceed the value of the settlement payment that Plaintiff

7

received from the at-fault driver's insurance company. The Court concludes that State Farm has provided sufficient evidence to establish that it acted reasonably as a matter of law in challenging Plaintiff's claim for UIM coverage.

First, the medical evidence before State Farm indicated that Plaintiff's claimed groin injuries, and corresponding treatment and medical bills, may not have been caused by the Accident. Timothy Hall, M.D., stated that Plaintiff's groin pain and umbilical hernia were consistent with seatbelt injury and were related to the Accident. (Doc. # 28-19 at 2.) However, urologist Eric Derksen, M.D., questioned any connection between the Accident and Plaintiff's groin injuries; Dr. Derksen reported after his evaluation of Plaintiff that there was no clinical evidence of pathology for Plaintiff's testicular pain and that he "[could not] think of a mechanism of action that would cause [Plaintiff's] testicle to become retractile after a car accident."[1] (Doc. # 27-1 at 19.) Further, North Springs Surgical Associates, P.C., advised State Farm that Plaintiff's hernia treatment was unrelated to an auto accident. (*Id.* at 31–32.) Thus, the medical evidence before State Farm supported a finding that the causal link between Plaintiff's groin injuries and the Accident was questionable and unclear. *See Zolman*, 261 P.3d at 499 (rejecting insured's argument that summary judgment was improper because there were conflicting medical opinions in the record).[2]

---

[1] Plaintiff asserts that the Court should construe Dr. Derksen's statement as meaning that he "lacks knowledge to be able to form [an] opinion" as to whether a car accident could cause a testicle to become retractile. Such a construction would require the Court to draw an unreasonable inference from the evidence. Instead, the Court reasonably infers from Dr. Derksen's statement that he found no causal connection between the Accident and Plaintiff's retractile testicle.

[2] The Court assumes herein that Plaintiff does have a hernia because State Farm did not specifically challenge the existence of the hernia in its Motion. However, the Court notes that

8

Further, the total cost of Plaintiff's medical bills falls far below the $50,000 settlement payment that Plaintiff received from the at-fault driver's insurance company.[3] Plaintiff has not pointed the Court to a single piece of evidence in the record before State Farm to establish that State Farm erroneously concluded that the value of Plaintiff's UIM claim did not exceed the $50,000 payment. These discrepancies establish that "Plaintiff's claim wasn't just fairly debatable; it was suspect." *Williams v. Am. Fam. Mut. Ins. Co., S.I.*, No. 18-cv-00621-CMA-NRN, 2019 WL 2357317, at *7 (D. Colo. June 4, 2019) (granting insurer's motion for summary judgment on insured's statutory bad-faith claim). The Court is satisfied that State Farm exercised reasonable care and good faith, and acted reasonably as a matter of law, in challenging Plaintiff's UIM claim. *Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1217–18 (Colo. App. 2010) ("in defending a fairly debatable claim, an insurer must exercise reasonable care and good faith") (quoting *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 279–80 (Ariz. 2000)).[4]

---

two medical reports in the record call the existence of the hernia into question. Dr. William Lechuga of North Springs Surgical Associates, P.C., stated that he did not notice an obvious hernia on exam and that Plaintiff's "ultrasound states possible hernia, but CT scan does not demonstrate this." (*Id.* at 21.) Additionally, Dr. Derksen reported "there [was] absolutely no evidence in [his] examination [of Plaintiff] of an inguinal hernia." (*Id.* at 11–14.)

[3] Although the total amount of Plaintiff's medical bills is disputed, this dispute is immaterial because both Plaintiff's and State Farm's calculations fall below $50,000.

[4] In his Response, Plaintiff chiefly argues that State Farm's delays in evaluating his claim and in communicating with him were unreasonable. For example, Plaintiff argues that State Farm unreasonably "waited" until March 8, 2019, to request unredacted medical records and releases when Plaintiff sent the redacted records on December 27, 2018. (Doc. # 28 at 10.) Yet, Plaintiff does not dispute that his attorney requested that State Farm hold off on evaluating his claim until he submitted an updated demand, which occurred on February 18, 2019. Contrary to Plaintiff's arguments, the undisputed evidence demonstrates that State Farm actively

The Court concludes that Plaintiff has failed to set forth specific, admissible facts from which a rational trier of fact could find in his favor. *Adler*, 144 F.3d at 671. Therefore, State Farm is entitled to summary judgment on Plaintiff's statutory claim for unreasonable delay or denial of insurance benefits pursuant to Colo. Rev. Stat. § 10-3-1115 and -1116. *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017).

## IV. **CONCLUSION**

For the foregoing reasons, State Farm's Motion for Partial Summary Judgment (Doc. # 27) is GRANTED. Summary judgment shall enter in favor of Defendant State Farm Mutual Automobile Insurance Company and against Plaintiff Julio Bernal on Count II of Plaintiff's Complaint, which alleges unreasonable delay or denial of insurance benefits pursuant to Colo. Rev. Stat. §§ 10-3-1115 and -1116. Accordingly, only Count I for breach of insurance contract remains.

DATED: June 24, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

communicated with Plaintiff and his medical providers and investigated Plaintiff's claim in good faith.